**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000745
20-JUN-2014
09:24 AM**

NO. CAAP-14-0000745

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PELE DEFENSE FUND, a Hawaii non-profit corporation,
RALPH PALIKAPU DEDMAN, individually and as President of the
PELE DEFENSE FUND, TERRI L. NAPEAHI, JOHN JOSEPH GRIFFITHS, JR.,
and TAMMY KAAWA, Plaintiffs-Appellants,
v.
DEPARTMENT OF LAND AND NATURAL RESOURCES, DIVISION OF FORESTRY
AND WILDLIFE, STATE OF HAWAI'I, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 12-1-0568)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack appellate jurisdiction over this appeal that Plaintiffs-Appellants Pele Defense Fund (Appellant Pele Defense Fund), Ralph Palikapu Dedman (Appellant Dedman), Terri L. Napeahi (Appellant Napeahi) and John Joseph Griffiths, Jr. (Appellant Griffiths), have asserted from the Honorable Glenn S. Hara's March 17, 2014

judgment, because the March 17, 2014 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2013), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

-2-

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis; citation omitted). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (original emphasis).

The March 17, 2014 judgment neither enters judgment as to all parties who appeared in this case nor contains the finding necessary for certification under HRCP Rule 54(b). Although the March 17, 2014 judgment enters judgment in favor of Defendant-Appellee Department of Land and Natural Resources, Division of Forestry and Wildlife, State of Hawai'i (Appellee State DLNR), and against Appellants Pele Defense Fund, Dedman, Napeahi and Griffiths, the March 17, 2014 judgment does not enter judgment against, or dismiss the complaint as to, Plaintiff-Appellee Tammy Kaawa (Appellee Kaawa). Granted, the parties purported to stipulate to voluntarily dismiss Appellee Kaawa from this case pursuant to HRCP Rule 41(a)(1)(B)[1] by way of the July 9, 2013

---

[1]     Rule 41(a) of the Hawai'i Rules of Civil Procedure:

Rule 41.  Dismissal of actions.
    (a) Voluntary dismissal: Effect thereof.
        (1) By plaintiff; by stipulation.  An action may be dismissed by the plaintiff without order of court (A) by filing a notice of dismissal at any time before the return date as provided in Rule 12(a) or service by the adverse party of an answer or of a motion for summary judgment, or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action, in the manner and form prescribed by Rule 41.1 of these rules.  Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States, or of any state, territory or insular possession of the United States an action based on or including the same claim.

(continued...)

"Stipulation for Voluntary Partial Dismissal as to Pro Se Plaintiff Tammy Kaawa; Order[,]" and the Supreme Court of Hawai'i has held that where parties properly stipulate to dismiss claims without an order of the court pursuant to HRCP Rule 41(a)(1)(B), "a separate judgment is neither required nor authorized, inasmuch as a plaintiff's dismissal of an action, by filing a stipulation of dismissal signed by all parties [pursuant to HRCP Rule 41(a)(1)(B)], is effective without order of the court." Amantiad v. Odum, 90 Hawai'i 152, 158 n.7, 977 P.2d 160, 166 n.7 (1999) (internal quotation marks and brackets omitted). However, compliance with HRCP Rule 41(a)(1)(B) is required. Although the parties in the instant case purported to dismiss Appellee Kaawa from this case by filing the July 9, 2013 "Stipulation for Voluntary Partial Dismissal as to Pro Se Plaintiff Tammy Kaawa; Order[,]" no attorney signed this stipulation on behalf of Appellee State DLNR, despite that HRCP Rule 41(a)(1)(B) expressly required the signatures of all parties who have appeared in the action. The space for the signature of Appellee State DLNR's attorney is blank. The presiding judge signed this document beneath a statement that "[t]he foregoing stipulation is approved and so ordered." Therefore, this July 9, 2013 document is a

---

[1](...continued)
(2) By order of court. Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

-4-

court order that dismissed Appellee Kaawa from this case rather than an HRCP Rule 41(a)(1)(B) stipulation for dismissal, and, thus, the final judgment in this case must, on its face, expressly resolve Appellee Kaawa's claim in the original complaint (as well as all other claims that the circuit court resolved through court orders in this case). The March 17, 2014 judgment does not resolve Appellee Kaawa's claim in the original complaint and does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties pursuant to HRCP Rule 54(b). Although the March 17, 2014 judgment contains a statement that declares that "[t]here are no remaining claims, parties, or issues in this matter[,]" the Supreme Court of Hawai'i has specifically rejected such language for a final judgment, explaining that

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Jenkins, 76 Hawai'i at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). Because the March 17, 2014 judgment neither resolves all claims against all parties nor contains the finding necessary for certification under HRCP Rule 54(b), the March 17, 2014 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in Jenkins.

Absent an appealable final judgment in this case, Appellants Pele Defense Fund, Dedman, Napeahi and Griffiths' appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-14-0000745.  Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-14-0000745 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i,  June 20, 2014.


Presiding Judge


Associate Judge


Associate Judge